NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   20-10339 |
| Plaintiff-Appellee, | D.C. Nos. 2:18-cr-00303-JCM-EJY-1 |
| v. | 2:18-cr-00303-JCM-EJY |
| DUSTIN WAYNE RANDALL, | |
| Defendant-Appellant. | MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted December 10, 2021
San Francisco, California

Before:  WARDLAW, BRESS, and BUMATAY, Circuit Judges.

Dustin Randall pleaded guilty to one count each of receipt and distribution of

child pornography, both in violation of 18 U.S.C. § 2252A(a)(2), (b).  At sentencing,

the district court imposed a total sentence of 96 months' imprisonment and lifetime

supervision.  Randall now challenges his sentence of lifetime supervision, the district

---

        *      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

court's imposition of several conditions of supervised release, and the length of his prison sentence. We have jurisdiction under 28 U.S.C. § 1291. We affirm.[1]

1.  We reject Randall's claim that the district court procedurally erred when it sentenced Randall to lifetime supervision. To properly impose a term of supervised release, the district court must: "(1) correctly calculate the Sentencing Guidelines range; (2) treat the Guidelines as advisory; (3) consider the 18 U.S.C. § 3553(a) factors; (4) choose a sentence that is not based on clearly erroneous facts; (5) adequately explain the sentence; and (6) not presume that the Guidelines range is reasonable." *United States v. Collins*, 684 F.3d 873, 888 (9th Cir. 2012).

"[T]hough a within-Guidelines sentence ordinarily needs little explanation, . . . courts are required to provide some explanation for their decision when a party has requested a specific departure." *United States v. Apodaca*, 641 F.3d 1077, 1081 (9th Cir. 2011) (simplified). Such an explanation, however, need only "set forth enough to satisfy the appellate court that the trial court judge considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Id.* (simplified).

According to Randall, the court imposed lifetime supervision "as a matter of course" and erred by failing to give adequate reasons for the sentence and

---

[1] In a concurrently filed opinion, we address Randall's remaining arguments regarding sentencing errors. In that opinion, we also affirm the district court.

acknowledge Randall's request for a lower term or that a lower term was permissible.

The record shows, however, that the district court provided an adequate explanation for the sentence it imposed. After explaining that the Guidelines recommend a supervision range of five years to life, the district court considered Randall's circumstances, including a psychologist's risk assessment report. The district court decided that lifetime supervision was important to balance Randall's ability to "make something of [him]self" while also "assur[ing] the victims that this won't happen anymore with [Randall]." That was enough. *See id.* (explaining that "no lengthy explanation is necessary if the record makes it clear that the sentencing judge considered the evidence and arguments").

Randall's contention that his lifetime supervision sentence is substantively unreasonable also fails. "We have previously held that sentencing individuals convicted of possessing child pornography to lifetime terms of supervised release is not substantively unreasonable." *Id.* at 1082. Indeed, in *Apodaca* we upheld the lifetime supervision sentence of a defendant who knowingly possessed child pornography, including material that depicted sadistic or masochistic acts. *Id.* at 1080. Substantially the same facts are present here.

2.      We also reject Randall's challenge to the conditions of his supervised release. Randall challenges the conditions prohibiting his contact with minors and

preventing him from being present in places primarily used by children. Both conditions, he argues, are overly burdensome and unnecessary to prevent him from reoffending. Randall also objects to the polygraph testing condition on the ground that polygraphy can be unreliable.

It is within a district court's discretion to impose conditions that "are reasonably related to the goal of deterrence, protection of the public, or rehabilitation of the offender." *United States v. T.M.*, 330 F.3d 1235, 1240 (9th Cir. 2003). The district court explained that "I'd rather be safe than sorry . . . . [O]ut of an abundance of caution, I'm going to impose th[e] condition." The court also noted that "[polygraphy is] a tool the probation officer can use." The record shows that the district court imposed the conditions in the interest of public safety.

Indeed, we've upheld the same conditions challenged by Randall in other cases involving child pornography. *See, e.g.*, *United States v. Autery*, 555 F.3d 864, 875 (9th Cir. 2009) (upholding conditions that bar the defendant from having "direct or indirect contact with anyone under the age of eighteen" or being "within 100 feet of places where minors congregate"); *United States v. Daniels*, 541 F.3d 915, 925–26 (9th Cir. 2008) (upholding polygraph testing as a condition of supervised release); *United States v. Rearden*, 349 F.3d 608, 620 (9th Cir. 2003) (upholding a condition that prevents the defendant from "frequenting or loitering within one hundred feet of . . . places primarily used by children under the age of eighteen" despite the

4

defendant's assertion that there is no evidence of him "ever having engaged in improper contact with a minor.").

3.      Lastly, the district court acted within its discretion when it sentenced Randall to a below-Guidelines prison term.  The district court explained that both the 210-month minimum sentence recommended by the Guidelines and the 136-month sentence argued for by the government were too long.  Yet, the court reasoned that the 60-month sentence Randall sought was too short, given the severity of his crimes.  The district court ruled that a 96-month sentence was "adequate but not greater than necessary punishment to deter the defendant's conduct."  "Because a Guidelines sentence will usually be reasonable, [the defendant's] below-Guidelines sentence, supported by the district court's specific reasoning, is reasonable." *United States v. Bendtzen*, 542 F.3d 722, 729 (9th Cir. 2008) (simplified).  The district court's reasoning here was so supported.

**AFFIRMED.**